IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM MARTIN FREDERICK, KZ-1000,  )
    Petitioner,  )
               )
    v.  )  2:15-cv-959
               )
NANCY A. GIROUX, et al.,  )
    Respondents.  )

MEMORANDUM

Mitchell, M.J.:

    William Martin Frederick, an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus (EFC No.4). For the reasons set forth below the petition will be dismissed and a certificate of appealability will be denied.

    Frederick is serving a twenty to forty year sentence imposed following his conviction upon a plea of guilty to charges of attempted murder, aggravated assault, attempted arson and unlawful restrain at No. CC201210217 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on March 7, 2013.[1] A direct appeal was not pursued.[2]

    Frederick filed a post-conviction petition on March 28, 2013 and that petition was dismissed on September 11, 2013 although the original sentence was corrected on June 27, 2013 to conform with the terms of the plea agreement and the relevant statutes.[3] An appeal was filed in the Superior Court in which the issues presented were:

> 1. Whether Defendant's plea was unknowing, involuntary, unintelligent and entered as a result of ineffective assistance of counsel as Attorney Patarini coerced him to plead guilty and, absent such coercion, defendant would not have pled guilty but, instead would have proceeded to trial?

---

[1] See: Petition at ¶¶ 1-6.
[2] Id. at ¶8.
[3] See: Appendix pp. 50-51, 57-58.

> 2. Whether the Court of Common Pleas erred and/or abused its discretion in not holding an evidentiary hearing in said claim?[4]

On March 19, 2014, the Superior Court affirmed the denial of post-conviction relief.[5] On July 23, 2014, leave to appeal was denied by the Pennsylvania Supreme Court.[6]

In the instant petition, executed on July 15, 2015 and received in this Court on July 24, 2015, petitioner contends he is entitled to relief on the following grounds:

> 1. Ineffective assistance of counsel in that trial counsel, Christopher Panarini, Esq. was Constitutionally ineffective in that counsel coerced, and gave ill-advise persuading petitioner to enter a plea agreement for an illegal aggregated sentence of 20 to 40 years' incarceration in conjunction with, PCRA counsel Veronica Brestensky, Esq. rendering ineffective assistance by not properly challenging this illegal sentence in the body of her amended PCRA petition as the petitioner requested for PCRA counsel to do, thus, convicting petitioner in violation of the crimes code… 18 Pa.C.S.A. §906. Petitioner's sentence remains illegal… In addition, the sentencing court erred and/or abused its discretion by sentencing petition for both count 1, criminal attempt (homicide) and count 3, criminal attempt (arson) – because under the crimes code, multiple convictions of inchoate crimes are barred. Pa.C.S.A. §906.
>
> 2. The sentencing court erred and/or abused its discretion by imposing an illegal sentence resulting in the conviction being in violation of the 6th and 14th Amendments of the U.S. Constitution and Art.1, section 9 and Art.5 §9 of the Pennsylvania Const. or laws of this State resulting in a fundamental unfair outcome of proceedings. The sentencing court erred and/or abused its discretion by sentencing petition for both Count 1, criminal attempt (homicide) – 18.Pa.C.S.A. §901(a) and Count 3, criminal attempt (arson) – 18 Pa.C.S.A. §901(a) – because under the crimes code, Pa.C.S.A. §906, multiple convictions of [in]choate crimes are barred – when no facts were established by the Commonwealth or admitted to by petitioner which would support increase of the statutory maximum sentence beyond 20 years…[7]

---

[4] Id. at 65.
[5] Id. at 96-104.
[6] Id. at 125.
[7] See: Petition at ¶12.

The background to this prosecution and sentence is set forth in the March 19, 2014 Memorandum of the Superior Court:

> On March 7, 2013, Appellant entered a negotiated guilty plea to one count each of attempted homicide, aggravated assault, attempted arson and unlawful restraint. In return, the Commonwealth withdrew the remaining charges of risking a catastrophe, terroristic threats, reckless endangerment, and criminal mischief; agreed not to seek a mandatory minimum sentence, and agreed to a negotiated sentence of not less than twenty nor more than forty years of incarcerations. The charges arose from a June 24, 2012 incident, wherein Appellant poured gasoline over both himself and an acquaintance and attempted to set them both on fire.
>
> On March 7, 2013, the sentencing court sentenced Appellant to a term of incarceration on the attempted homicide count of not less than twenty nor more than forty years and did not impose any further penalty on the remaining counts. Appellant never sought leave to withdraw his guilty plea and did not file a direct appeal…
>
> On June 28, 2013, the PCRA court issued an order granting PCRA PCRA relief as to the illegal sentence claim, vacating the original sentence, and resentencing Appellant to a term of incarceration of not less than ten nor more than twenty years for attempted homicide, and not less than ten nor more than twenty years for attempted arson, with the sentences to be served consecutively…[8]

A federal habeas corpus court reviewing a conviction upon a plea of guilty must determine whether or not the plea was knowingly, intelligently and voluntarily entered. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

On March 6, 2013, the petitioner completed and executed a "Guilty Plea Explanation of Defendant's Rights" form (App.11-20). In response to the questions contained on the form the petitioner responded that he understood the charges, the elements of each charge, and had discussed the charges with his attorney (App.12); that he understood his rights to either a jury or non-jury trial and to participate in jury selection; that he understood the Commonwealth's burden, the presumption of innocence and his right not to testify at trial or to prove his innocence; that by pleading guilty he was admitting his guilt; that his grounds for appeal were very limited; that no coercion or threats were employed to induce his plea; that no promises other

---

[8] See: Appendix at 96-98. The corrected sentence imposed the negotiated twenty to forty year sentence contained in the plea agreement.

than the terms set forth in the plea agreement had been made; that he was satisfied with his legal representation and that he was not under the influence of any narcotics or alcohol (App.12-19).

On March 7, 2013 the petitioner appeared before the court with counsel for purposes of entering a plea. The prosecutor explained the terms of the plea agreement which included withdrawing four of the charged counts; that the petitioner would plead guilty to attempted murder, aggravated assault, attempted arson and unlawful restraint; that in exchange for the plea the Commonwealth would waive the right to seek a mandatory twenty-five year minimum sentence required for a repeat offender and rather would agree to a twenty to forty year sentence (TT. 3/7/13 pp.2-3).

At that hearing the petitioner acknowledges that he was fifty-four years of age, had a twelfth grade education and could read and write (Id. p.3); that he had reviewed the 68 question plea agreement questionnaire with his counsel (Id.p.3); that he had discussed his Constitutional rights with his attorney (Id.p.3); that he had no questions (Id. p.3); that he understood his right to trial, the presumption of innocence and the narrow grounds for appeal of a guilty plea (Id.p.4-6); that he was satisfied with his representation (Id. p.6); that he had not consumed any drugs or alcohol within the past twenty-four hours which would affect his understanding (Id. p.6); that no threats, promises or coercion had been employed to induce his plead (Id. pp. 6-7), and that he was entering a guilty plea because he was in fact guilty (Id. p.7).

The Court accepted the plea and imposed the agreed upon twenty to forty year sentence (Id. p.9).

Thus, the record clearly demonstrates that the petitioner's plea was knowingly, intelligently and voluntary entered, and a contrary claim does not provide a basis for relief here. Bradshaw v. Stumpf, supra.

Petitioner also contends that counsel was ineffective in advising him to enter the plea agreement.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by

4

the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

From the record here, it is readily apparent that petitioner was ably represented by counsel, indicated his satisfaction with that representation and as a result suffered no prejudice as a result of that representation. For this reason his claim that counsel was ineffective is meritless. In a similar manner post-conviction counsel cannot be deemed ineffective for failing to raise a meritless issue. Real v. Shannon, 600 F.3d 302 (3d Cir.2010).

Petitioner also contends here that despite the plea agreement which was followed, the trial court imposed an illegal sentence. Specifically. the petitioner contends that the sentence originally imposed was 20-40 years on Count 1 which was later vacated and modified to 10-20 years on Count 1 (criminal attempt- homicide) and a consecutive 10-20 year sentence on Count 3 (criminal attempt – arson). These claims were never presented to the Pennsylvania courts and for this reason are procedurally defaulted. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, no further consideration of this issue is warranted here.

Nevertheless, we note that in correcting its sentence, the post-conviction court wrote on June 27, 2013:

5

> The 20-40 year sentence for criminal attempt-homicide is illegal and is hereby VACATED. That is the only aspect of the Court's sentence which is VACATED. The Court's intent was to carry out the parties wishes through the plea agreement which called for a 20-40 year sentence. The mechanics of how that was memorialized by putting it all at Court 1- criminal attempt murder- was error and it will be corrected here. at Count 1- the Court's sentence is 10-20 years. At Count 3- criminal attempt arson – the Court's sentence is 10-20 years. The sentence at Count 3 shall run consecutive to the sentence imposed at Count. These corrections are the only aspects of his March 7, 2013 sentence which change…
>
> No later than 20 days from the date this order is docketed, the defendant or his counsel may submit a writing in an effort to dissuade the Court from its expressed view that dismissal is the right course of action. (App. 50-51).

No such submission was made. (App. 6).

Additionally, a state sentence which does not exceed the statutory maximum does not provide a basis for federal relief. <u>Bozza v. United States</u>, 330 U.S. 160, 166 (1947). Both Counts 1 and 3 are classified by Pennsylvania as felonies of the first degree and for this reason are each subject to a period of incarceration of up to twenty years. 18 Pa.C.S.A. 1103(1). Thus, there was no federal invalidity with the corrected sentence.[9]

Thus, for the reasons set forth above, the petitioner has failed to demonstrate that his conviction was secured in any manner contrary to federal law as determined by the Supreme Court of the United States nor involved an improper application of that law. For this reason he is not subject to relief here and his petition will be dismissed. Additionally, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

9. See: <u>Commonwealth v. Jacobs</u>, 614 Pa. 664, 675 (2012) ("a person may be convicted and sentenced for two inchoate crimes that arise out of the same incident which were not designed to culminate in the commission of the same crime"). However, we need not address this issue since it was never presented to the state courts in the first instance and is procedurally defaulted here, and as a matter of state law is not subject to review here.