IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MARTIN FREDERICK, KZ-1000, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 2:15-cv-959 |
| | ) | |
| NANCY A. GIROUX, et al., | ) | |
|     Respondents. | ) | |

MEMORANDUM and ORDER

William Martin Frederick, an inmate at the State Correctional Institution at Albion has presented a "Motion for relief pursuant to Fed.R.Civ.P. Rule 60(B)(6)" (ECF No. 24). For the reasons set forth below, the motion will be denied.

Frederick is serving a twenty to forty year sentence imposed following his conviction upon a plea of guilty to charges of attempted murder, aggravated assault, attempted arson and unlawful restraint at No. CC201210217 in the Court of Common Pleas of Allegheny County, Pennsylvania. On March 7, 2013, pursuant to the plea agreement, the court entered a sentence of twenty to forty years incarceration at Count 1, and did not impose any further sentence. In response to a post-conviction petition, the court vacated the original sentence as illegal and imposed two consecutive 10 to 20 year sentences at Counts 1 and 3, thus again imposing an aggregate twenty to forty year sentence.[1] In imposing this corrected sentence on June 27, 2013, the trial court wrote:

> The 20-40 year sentence for criminal attempt-homicide is illegal and is hereby VACATED. That is the only aspect of the Court's sentence which is VACATED. The Court's intent was to carry out the parties wishes through the plea agreement which called for a 20-40 year sentence. The mechanics of how that was memorialized by putting it all at Count 1- criminal attempt murder- was error and it will be corrected here. at Count 1- the Court's sentence is 10-20 years. At Count 3- criminal attempt arson – the Court's sentence is 10-20 years. The sentence at Count 3 shall run consecutive to the sentence imposed at Count.

---

[1] See: Exhibit 11 to the answer.

That is, the court resentenced the petitioner to incarceration for twenty to forty years in accordance with the plea agreement.

After pursuing his state court remedies, Frederick filed the instant petition in this Court. In a Memorandum filed on December 10, 2015 we conclude that the petitioner had never challenged his sentence in the courts of the Commonwealth and hence a procedural default had occurred. In addition, we noted that the sentences imposed were legal under the Pennsylvania sentencing provisions. According, the petition was dismissed and a certificate of appealability was denied. On April 12, 2016, the Court of Appeals denied a certificate of appealability, on May 19, 2016, the Court denied an en banc rehearing and on November 1, 2016 and January 9, 2017 certiorari was denied by the United States Supreme Court.

Frederick has now returned to this Court with a Rule 60(b)(6) motion for relief from judgment seeking to challenge our failure to review the merits of his original petition but rather dismissing it as procedurally defaulted that is he contends "the District Court failed to and/or misapplied the applicable procedural default standards and exceptions that would have established cause to permit the Court to hear the illegal sentence claims" (ECF No.24 at pp.3, 7-8) and further contending that since the charges all arose out of the same events the sentences should have been concurrent and not consecutive (ECF No.24 at p.11).

In Satterfield v. District Attorney, 872 F.3d 152, 158 (3d Cir. 2017), the Court wrote "a district court may only grant relief under Rule 60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur'"(citing cases).

In the instant case, at the time the plea and original sentence were entered, the Commonwealth waived its right to seek the mandatory minimum twenty-five year sentence for a third conviction by a violent offender and agreed to a twenty to forty year sentence (TT. 3/7/13 at pp. 2-3). This was the sentence imposed by the court at the original sentencing hearing and later corrected and reimposed to reflect that agreement. Thus, as ultimately imposed there was no illegal sentence and the sentence represented the embodiment of the plea agreement.

In addition, the determination of whether sentences are to be served concurrently or consecutively lies within the sound discretion of the trial court. Pa.R.Crim. P. 705(B); see also, Com. v. Phillips, 946 A.2d 103, 112 (Pa. Super. 2008), appeal denied 600 Pa. 745 (2009), cert. denied 556 U.S. 1254 (2009). In the present case, the court imposed the agreed upon sentence which it could only accomplish by imposing consecutive sentences. Thus, petitioner received the

2

full benefit of his plea agreement and he fails to demonstrate the basis for any extraordinary relief as contemplated by Rule 60(b)(6).

Accordingly, his motion will be dismissed and a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 19th day of December, 2017 for the reasons set forth in the foregoing Memorandum, petitioner's Rule 60(b)(6) motion (ECF No.24) is DENIED, and a certificate of appealability is DENIED.

His motion for appointment of counsel (ECF No.25) is DISMISSED as moot, and his Motion for leave to proceed in forma pauperis (ECF No. 26) is GRANTED.

Petitioner is advised that if he desires to appeal this decision, he must do so within thirty (30) days of this date. F.R.App.P. 4(a)(1).

s/ Robert C. Mitchell
United States Magistrate Judge